*Furman* (signature)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/01/2016
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LINDSEY A. KIDD

        Plaintiff,

        v.

THOMSON REUTERS CORPORATION,

        Defendant.

Civ. No. 1:16-cv-01668-JMF

**PROTECTIVE ORDER**
**RE: CONFIDENTIAL**
**DOCUMENTS**

**ECF Case**

---

## AGREED PROTECTIVE ORDER

Whereas Plaintiff Lindsey A. Kidd and Defendant Thomson Reuters Corporation ("Thomson Reuters")[1] (collectively, "the Parties") recognize that certain documents and other information produced by them and third parties in this litigation is non-public and confidential, and should not be disclosed or used for any purpose apart from this litigation. Accordingly, the Parties stipulate and hereby agree, and it is ordered pursuant to Fed. R. Civ. P. 26(c), as follows:

1.    The term "Litigation," as used in this Agreed Protective Order ("Order"), includes all aspects of litigation in this case, styled as *Kidd v. Thomson Reuters Corporation*, Case 1:16-cv-01668-JMF, including, without limitation, discovery and other pretrial proceedings, formal and informal settlement discussions, and alternative dispute resolution.

2.    "Confidential Material" shall be defined as any documents, data or other information that are produced or made available for inspection by any of the Parties, or by any third party in connection with the Litigation, containing confidential information including, without limitation, any non-public personal, proprietary, commercial, or trade secret information.

---

[1] For purposes of this Order, Thomson Reuters shall include West Publishing Corporation, a wholly owned subsidiary.

3.      Confidential Material shall be disclosed and used solely for the purpose of the Litigation, and not for any other purpose.

4.      Confidential Material shall be designated as such by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL MATERIAL." Any document or written discovery to be covered by this Order which is delivered to another Party shall be stamped "CONFIDENTIAL MATERIAL" by the originating Party on or before the time of said delivery.

5.      The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Material to any other person or entity, except that disclosures may be made in the following circumstances:

i.      Disclosure may be made to the Court and its staff.

ii.     Disclosure may be made to counsel and employees of counsel for the Parties.

iii.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

iv.     Disclosure may be made to consultants or experts (hereinafter referred to collectively as "Experts") retained by the Parties or counsel for the Parties to assist in the Litigation. Prior to disclosure to any Expert, the Expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence by executing the acknowledgement attached hereto as **Exhibit A**.

v.      To the extent that disclosure may be necessary to witnesses for the purpose of their depositions or testimony, prior to disclosure any such witness must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

2

6.      Counsel for the parties shall keep all documents produced to them as Confidential Material within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

7.      All copies and duplicates (hereinafter referred to collectively as "copies") of documents or information designated as Confidential Material shall become subject to the terms of this Order.

8.      Counsel may designate testimony as Confidential Material during the taking of a deposition or, within seven business days after the receipt of a final deposition transcript, counsel may designate by letter to all counsel the portion(s) of such transcript that counsel believes in good faith contain Confidential Material. Each deposition transcript in its entirety shall be treated as "CONFIDENTIAL MATERIAL" until such time for so designating it has elapsed.

9.      Any pleading, motion, memorandum, or other paper filed with the Court that attaches or references "CONFIDENTIAL MATERIAL" shall be filed under seal, subject to the procedures of the Court. Notwithstanding the foregoing, a party need not file under seal a pleading, motion, memorandum, or other paper that summarizes or describes in general terms information that has been marked "CONFIDENTIAL MATERIAL," so long as the description is not so detailed as to disclose Confidential Material.

10.     The designation of "CONFIDENTIAL MATERIAL" by the producing party shall not prevent any other party from contesting the designation of any material in the manner set forth below. However, the contested material shall be treated as confidential and shall remain subject to the confidentiality provisions of this Order until such time as (a) the producing party expressly agrees, in writing, to the release of specified document(s) and/or numbered pages from

3

the terms of this Order; or (b) the Court, after hearing from all interested Parties, specifically rules otherwise.

11.     A party that wishes to challenge the producing party's confidentiality designation shall do so in good faith and must begin the process by conferring directly with counsel for the producing party. In conferring, the challenging party shall explain the basis for its belief that the confidentiality designation was not proper and shall give the producing party a reasonable opportunity to review the designated material. If the producing party declines to release the challenged document(s) from the restrictions of this Order, the producing party shall explain the basis for its decision. The party that wishes to challenge the confidentiality designation may not seek judicial intervention unless and until it has engaged in good faith discussions with the producing party.

12.     A challenging party that elects to press a challenge to a confidentiality designation after considering the justification offered by the producing party may file a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a statement that affirms that the movant has complied with the good faith discussion requirements in the preceding paragraph, and which sets forth with specificity why the movant disagrees with the producing party's justification for the confidentiality designation.

13.     The burden of persuasion in any such challenge proceeding shall be on the party claiming that the document is Confidential Material. Until the Court rules on the challenge, the challenged document(s) shall remain subject to the confidentiality protections in this Order.

14.     At the conclusion of the Litigation, through final judgment or settlement, all Confidential Material not received in evidence shall be returned to the originating Party.

4

Alternatively, the Confidential Material may be destroyed instead of being returned, and counsel choosing this alternative shall certify the destruction to opposing counsel in writing.

15.    Nothing in this Order shall be construed to waive or diminish the discovery rights or objections of any party or the right of any party to seek further protection from discovery or to seek modification of this Order or the release of any documents from its terms by the Court.

16.    The provisions of this Order shall survive the termination of the Litigation.

17.    The provisions of this Order shall take effect immediately upon execution by the Parties, or by their respective counsel, without regard to entry of a corresponding Order by the Court.

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000

Eric C. Bosset
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, D.C. 20001
Tel: (202) 662-6000

*Attorneys for Defendant*

James Francis
John Soumilas
FRANCIS & MAILMAN P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Adam G. Singer
LAW OFFICE OF ADAM G. SINGER
14 S. Main Street, Suite 4 & 5
New City, NY 10956
(212) 842-2428

*Attorneys for Plaintiff*

5

**SO ORDERED** this ___1st___ day of ___August_____, 2016.

_____
Honorable Jesse M. Furman
U.S. District Court Judge
Southern District of New York

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices.  To that end, the Court notes that the filing of documents under seal mandated by Paragraph 9 is to be done "subject to the procedures of the Court," and does NOT authorize the parties to file documents under seal without a prior court order.

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LINDSEY A. KIDD<br><br>Plaintiff,<br><br>v.<br><br>THOMSON REUTERS CORPORATION,<br><br>Defendant. | Civ. No. 1:16-cv-01668-JMF<br><br>**PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS**<br><br>**ECF Case** |

### "EXHIBIT A" TO AGREED PROTECTIVE ORDER:

The undersigned, _____ (print or type name), a witness or an outside expert or consultant retained in connection with the litigation between Lindsey A. Kidd, and Thomson Reuters Corporation, pending before the United States District Court for Southern District of New York, Case No. 1:16-cv-01668-JMF, hereby acknowledges that he or she has received a copy of the Agreed Protective Order entered in that action, has read the same, understands the limitations it imposes on the use and disclosure of material or information designated as Confidential Material, and agrees to be bound by all of the provisions of the Agreed Protective Order.

Dated: _____          _____
                                                          Signature